721 S.E.2d 785

**In the Matter of G. Turner PERROW, Jr., Respondent.**

No. 27063.

Supreme Court of South Carolina.

Submitted Oct. 24, 2011.

Decided Nov. 7, 2011.

Lesley M. Coggiola, Disciplinary Counsel, Susan B. Hackett, Assistant Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, all of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard and Stephanie N. Weissenstein, both of Ballard Watson Weissenstein, of West Columbia, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of a public reprimand or definite suspension not to exceed two (2) years. In addition, respondent agrees to complete the Ethics School and Trust Account School portions of the Legal Ethics and Practice Program within six (6) months of the issuance of a public reprimand or before seeking reinstatement from a suspension. He further agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of discipline. We accept the agreement and issue a public reprimand. Further, we order respondent to complete the Ethics School and Trust Account School portions of the Legal Ethics and Practice Program within six (6) months of the date of this opinion and to the pay the costs incurred in this matter no later than thirty (30) days

from the date of this opinion. The facts, as set forth in the agreement, are as follows.

## *FACTS*

In November 2009, respondent agreed to assist Client in recovering funds from her former employer. Client believed she was due funds from unused vacation time. In a meeting with Client's former employer, respondent learned that, pursuant to company policy, Client was not owed any money for unused vacation time.

Over the next year, Client regularly called respondent's office requesting updates regarding her claim. Respondent assured Client that the matter was progressing even though respondent knew the former employer denied any liability and that Client did not have a viable claim.

On December 17, 2010, respondent wrote Client explaining he had an offer of $592.32 representing 49.36 hours at $12.00 per hour. Additionally, the letter stated respondent had over two hours of work on the case, but he was willing to reduce his fee to $150.00 so Client's total recovery would be $442.32. This letter contained false information because respondent had not pursued the matter beyond his initial meeting with the former employer and had not received a settlement offer. The letter requested Client advise respondent if she would accept the offer.

When respondent had not heard from Client by December 22, 2010, he sent her another letter. In this undated letter, respondent advised Client of the same offer and his reduction in fee. Respondent also noted that he knew Client would like to have the money by Christmas.

Upon her receipt of the letter in mid-December 2010, Client called respondent and accepted the purported offer. Despite Client's prompt response to respondent's letter, respondent did not communicate with Client again for almost two months. On February 18, 2011, respondent wrote to Client apologizing for the delay and providing her with a check in the amount of $442.32 written on his general account. Respondent represents he paid personal funds to Client because he knew she needed money.

## *LAW*

Respondent admits that, by his misconduct, he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with requests for information); Rule 2.1 (in representing client, lawyer shall exercise independent professional judgment and render candid advice); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to the administration of justice). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct. In addition, we order respondent to complete the Ethics School and Trust Account School portions of the Legal Ethics and Practice Program within six (6) months of the date of this opinion and to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.